**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LABHDEEP SINGH,<br><br>                    Petitioner,<br><br>          v.<br><br>LUIS SOTO, *et al.*,<br><br>                    Respondents. | Civil Action No. 26-2416 (JXN)<br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Labhdeep Singh's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention by immigration authorities. (Habeas Pet., ECF No. 1.) Respondents ("Respondents" or "Government") filed a letter response (Resp., ECF No. 6) and Petitioner replied (Reply, ECF No. 7).

Petitioner, a native of India, entered the United States in August 2023 without inspection. (Habeas Pet. ¶ 1.) At that time, Petitioner was processed for expedited removal with credible fear. (*See* Resp. at 2.) The Government does not submit under what circumstances Petitioner was then released into the Country on September 21, 2023. (*See id.*) The Record of Deportable/Inadmissible Alien I-213 Form from August 9, 2023, indicates that Petitioner was being processed for expedited removal with credible fear. (I-213 Form at *3, ECF No. 6-3.) This form does not indicate how Petitioner was released into the country. (*Id.*)

On March 1, 2026, Immigration Customs and Enforcement ("ICE") agents arrested Petitioner; he has been detained in ICE custody since. (Habeas Pet. ¶¶ 2–3.) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is purportedly being held in mandatory detention under 8 U.S.C. § 1225(b)(1). (*Id.*)

The Petition contends the Government has violated Petitioner's due process rights and that he is unlawfully detained. (*See generally* Habeas Pet.) The Government argues that Petitioner is mandatorily detained under § 1225(b)(1). (Resp. at 2–3.) The Government claims it detained Petitioner under 8 U.S.C. § 1225(b)(1)(B)(ii), because Petitioner was: (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for an asylum claim. (*Id.* at 2.) According to the Government, Petitioner's detention is mandatory pending removal proceedings under § 1225(b)(1)(B)(ii). (*Id.* at 2 (citing *Matter of M-S-,* 27 I&N Dec. 509, 512 (A.G. 2019).)

In support of their position, the Government relies on cases where courts concluded §1225(b)(1) applied to petitioners who were released on parole after being placed into expedited removal proceedings and found to have a positive fear of persecution and were subsequently re-detained.. (*Id.* at 3 (citing *Faqirzada v. Rokosky*, No. 25-16639, 2026 WL 63614 (D.N.J. Jan. 8, 2026); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657, at *1 (E.D. Va. Aug. 5, 2025) (collecting cases).

Those cases are distinguishable from this one. In those cases, the petitioners were released into the country on humanitarian parole after being placed in expedited removal proceedings. Here, the Government merely submits that Petitioner was "released." (Resp. at 2.) The Government does not submit that Petitioner was placed on humanitarian parole. Additionally, the Government has

2

provided an I-213 form, which fails to address Petitioner's release into the country. (*See* I-213 Form.)

An alien who attempts to enter the United States illegally and who is detained shortly after making an unlawful crossing of the border is "treated as an applicant for admission" and is subject to the terms of § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139–40 (2020). Aliens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution, in which case they may be referred for further proceedings regarding that fear. *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). Pursuant to the statute, such aliens are subject to mandatory detention throughout removal or credible fear proceedings, although the Government may in its discretion temporarily parole such aliens "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). The parole statute instructs that,

> such parole of an alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission.

8 U.S.C. § 1182(d)(5)(A).

There are several types of "parole." 8 U.S.C. § 1182(d)(5)(A) allows for humanitarian parole by the Department of Homeland Security ("DHS") of noncitizens detained under § 1225(b), while 8 U.S.C. § 1226(a) allow for "conditional parole" of noncitizens detained under § 1226(a). Here, based on the record before the Court, the Government has failed to provide the Court with evidence that Petitioner was granted humanitarian parole under § 1182(d)(5)(A) in 2023. Rather, the Government submits only that Petitioner was released into the country. Additionally, the I-213 Form fails state how Petitioner was released in 2023. The Government has failed to offer support

3

for their position that he remains subject to § 1225(b)(1)'s mandatory detention based on his parole status. *See Flores v. Rokosky*, No. 25-18998, 2026 WL 84434, at *2–3 (D.N.J. Jan. 12, 2026) (rejecting Government's argument that petitioner was mandatorily detained under §1225b(b)(1), when Government did not show petitioner was paroled); *Salvatierra v. Bondi*, No. 25-18608, 2026 WL 45171, at *1 (D.N.J. Jan. 7, 2026) (same). As the Government has failed to offer any support a finding that Petitioner was granted humanitarian parole, the Court finds Petitioner similar to the countless number of noncitizens who have been recently unlawfully detained under § 1225(b)(2).

Courts in this District, including this Court in the recent matter *Fuentes Velasquez v. Noem*, No. 25-16797, 2025 WL 3653657 (D.N.J. Dec. 17, 2025), have considered whether noncitizens who are detained after having already been in this country are unlawfully held in mandatory detention under § 1225(b). In *Fuentes Velasquez*, the Government argued DHS has implemented a new policy interpreting the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See Fuentes Velasquez*, 2025 WL 3653657 at * 2.

In *Fuentes Velasquez*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *See generally id.* The Court rejected the contention that § 1225(b)(2) provides the authority to mandatorily detain noncitizens who have resided within the United States for a considerable period simply because they were not admitted or paroled upon inspection at the border. *See id.* The Court held that Fuentes Velasquez was unlawfully held in mandatory detention

4

under § 1225(b)(2) and could only be properly detained under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*[1]

Based on this Court's statutory interpretation in *Fuentes Velasquez*, the Court finds the facts asserted in the Petition establish that Petitioner cannot be mandatorily detained under § 1225(b)(2) as he has resided in the United States for several years after entry without admission or parole, and his continued detention under that statute is unlawful. Petitioner's § 2241 Petition must therefore be granted.

The Government argues that if the Court finds that § 1225(b)(1) does not apply to Petitioner—which it has—a bond hearing under § 1226(a) is the only remedy available to Petitioner. (Resp. at 3.) Although Petitioner may be lawfully subject to detention under 8 U.S.C. § 1226(a), "the Government did not attempt to follow the requirements of that statute in taking him into custody, nor have they used that statute as a basis for his detention, nor have they provided him with bond hearing to which he is entitled to under that statute." *Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1-2 (D.N.J. Mar. 2, 2026). The Court will not correct the Government's unlawful application of § 1225(b)(2) and detention of Petitioner by converting Petitioner's detention to "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Id.* at *2 (granting Petitioner's habeas petition and ordering Petitioner's release based on the Government's flawed application of § 1225(b)(2)). The Government detained Petitioner unlawfully under § 1225(b)(2), and the Court has found that he is not subject to detention under that statute. Therefore, the Government shall release Petitioner from custody. Accordingly,

---

[1] *See also Fajardo -Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026) (holding petitioner's continued detention under 8 U.S.C. § 1225(b)(2) unlawful); *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445, at *3–4 (D.N.J. Nov. 21, 2025); *Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at *2–4 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1–2 (D.N.J. Feb. 20, 2026).

**IT IS**, on this 7<u>th </u>day of April 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from immigration detention within twenty-four (24) hours of the entry of this Memorandum and Order, under the same conditions, if any, that existed prior to his detention; it is further

**ORDERED** that Respondents shall return to Petitioner all personal property belonging to Petitioner – including but not limited to, any driver's license, passport, immigration documents, currency, or cellphone – that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's detention; it is further

**ORDERED** that within **three (3) days** of the date of entry of this Memorandum and Order, Respondents shall file a written notice on the docket confirming Petitioner's release from custody; it is further

**ORDERED** that Respondents are permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b)(2), which the Court has found inapplicable to him; it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of 14 days following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order

upon the parties electronically and **CLOSE** the case.


JULIEN XAVIER NEALS
United States District Judge

7